**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOWNSER C BRACEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:23-cv-14678 |
| EQUIFAX INFORMATION SERVICES, LLC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TOWNSER C BRACEY ("Plaintiff"), the undersigned, complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age residing in Chicago, Illinois, which falls within the Northern District of Illinois.

5. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Illinois. Equifax is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7. Some in 2022, Plaintiff initiated and sought an application for a mortgage loan on his dream home with multiple lenders.

8. During the process of attempting to purchase a home, Plaintiff discovered an unauthorized block on his credit report.

9. Upon information and belief, the unauthorized block was seemingly initiated years prior, following the Plaintiff's report of identity theft by a family member.

10. Plaintiff, in an attempt to resolve the unauthorized block, initiated numerous communications with Defendant involving calls and interactions with various Equifax representatives.

11. When he spoke with Defendant's representatives he was informed multiple times that there was no freeze/block on the account.

12. Knowing this to be inaccurate, Plaintiff eventually escalated the matter to a supervisor who suggested sending a formal letter and providing personal identification documentation.

13. Consequently, Plaintiff initiated multiple written credit disputes with Equifax on April 12, 2023, and May 13, 2023. Specifically, Plaintiff notified Equifax to remove the block on his account and provided all of the required information.

14. Despite compliance with Equifax's requested procedures and sending required documentation via certified mail, the unauthorized block on the credit report remained unresolved.

15. Subsequently, due to lenders' inability to access Plaintiff's Equifax credit report, Plaintiff was denied a mortgage loan.

16. Defendant failed to engage in a reasonable investigation in connection with Plaintiff's dispute. Despite the Plaintiff's diligent efforts to rectify an unauthorized and detrimental freeze on their account, the Defendant has consistently failed to adequately address or correct the issue.

17. Rather than conduct a reasonable investigation into Plaintiff's disputes, Equifax simply continued to place a freeze on his account.

18. Defendant has consistently failed to adequately address or rectify the unauthorized block, despite being provided with requisite documentation and numerous communications from the Plaintiff.

19. As such, despite having actual knowledge that the freeze was inaccurately imposed on Plaintiff's credit report, Defendant allowed the inaccurate freeze to persist on the Plaintiff's credit report, obstructing financial endeavors and causing ongoing detriment to the Plaintiff's creditworthiness and financial opportunities.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

20. Defendant's persistent and unauthorized freeze on the Plaintiff's account, as detailed in prior communications and disputes, casts an unjust and detrimental portrayal of the Plaintiff. This not only tarnishes the Plaintiff's financial reputation but has also tangibly hindered his endeavors to secure a mortgage loan, culminating in the loss of an opportunity to purchase a desired home.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has caused Plaintiff to experience substantial emotional and financial distress due to the ongoing credit freeze and the resultant inability to progress with home purchasing plans.

22. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including but not limited to, being subjected to adverse credit decisions, including but not limited to be denied a mortgage, loss of his dream home, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

23. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax credit file.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

24. Plaintiff restate and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

26. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

27. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

4

28. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

29. Pursuant to section § 1681n of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff with all information in the consumer's file in violation of 15 U.S.C. § 1681g(a).

30. Section 1681g(a) provides in pertinent part:

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title [relating to the use of proper identification], clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request . . . .

31. Defendant violated § 1681g of the Fair Credit Reporting Act (FCRA) by failing to clearly and accurately disclose all pertinent information in the Plaintiff's file at the time of the request.

32. Plaintiff, while attempting to secure a mortgage loan, encountered insurmountable obstacles due to an uncommunicated and unauthorized freeze on their account with the Defendant, which subsequently and detrimentally impacted their ability to purchase their dream home. Despite numerous disputes and explicit requests for resolution and information, Defendant did not adequately or timely address the freeze, nor did they provide the requisite clear and accurate disclosure of the information in the Plaintiff's file when requested.

33. This failure to communicate and act upon critical information related to the Plaintiff's credit file not only violates the FCRA but has also resulted in tangible financial and emotional distress for the Plaintiff, as evidenced by the loss of their dream home.

34. Furthermore, the FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

35. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

36. Plaintiff provided Equifax with all relevant information in his request for investigation to unfreeze his account.

37. Equifax failed conduct a reasonable investigation into Plaintiff's dispute. Specifically, Equifax continued to place a freeze on Plaintiff's account preventing him from obtaining a mortgage.

38. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file.

39. As stated above, Plaintiff was severely harmed by Equifax's conduct.

WHEREFORE, Plaintiff, TOWNSER C BRACEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

c.  Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

f.  Award any other relief as this Honorable Court deems just and appropriate.


Dated: October 10, 2023                    Respectfully submitted,

                                           s/ Nathan C. Volheim
                                           Nathan C. Volheim, Esq. #6302103

*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com